Clement, Ch. J.
It is claimed by the counsel for the appellant, that the items sued for on the first lease should have been disallowed, for the reason that the acceptance of the second lease should be deemed a surrender of the prior one, and operated as a waiver of the breach of covenant. This claim is adversely decided in the case of McGregor v. Board of Education, 107 N. Y., 511; Judge Finch says (page 517) 12 N. Y. State Rep., 292: “We are of opinion that the-question of breach in the condition of the premises, should relate to the final and actual surrender, and not be controlled by the legal and technical surrenders occurring along the line.”
The question as to the repairs made by the landlord during-the second lease to meet the requirements of the board of health, was one of fact, and was decided, on conflicting-testimony, in favor of plaintiff. Whether the work called for by the board of health was in the nature of repairs, and to be paid for by the tenant, or whether the work was in the nature of alterations, and to be paid for by the landlord, were also questions of fact, and the decision of the referee thereon is conclusive.
We do not think that the phrase in the lease “ requirements of the health department,” is ambiguous on the facts of this case. The tenant was 4o make repairs, and to keep the premises in such condition as would fully conform to the requirements of the health department. He was duly notified, and failed to make the necessary repairs, and the landlord was compelled to do the same in order to avoid prosecution for the penalty.
*305 The counsel for the appellant has filed no exceptions to th report of the referee, but we have considered the case as if the proper exceptions had been taken, and find no er 'or.
Judgment affirmed, with costs.
Van Wyck, J., concurs.